# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 09-2034-PHX-MHM (MHB) |
| Plaintiff, | No. CR 01-486-PHX-MHM |
| v. | **ORDER** |
| Lloyd George Sinclair, | |
| Defendant/Movant. | |

On September 28, 2009, Movant Lloyd George Sinclair, who is confined in the United States Penitentiary in Tucson, Arizona, filed a *pro se* "Motion For Permission To File Oversized Brief" (Doc. #1 in CV 09-2034-PHX-MHM (MHB)). Movant's Motion for Permission was accompanied by a "Court Form AO-243 Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255" (Doc. #2 in CV 09-2034-PHX-MHM (MHB)) and a "Memorandum In Support Of Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255" (Doc. #3 in CV 09-2034-PHX-MHM (MHB)). The Clerk of Court lodged both Movant's § 2255 Motion and his Memorandum.

By Order filed October 20, 2009 (Doc. #5), Movant's Motion for Permission was granted and the Clerk of Court was directed to file Movant's lodged § 2255 Motion and Memorandum in both CV 09-2034-PHX-MHM (MHB) and CR 01-486-PHX-MHM. On October 20, 2009, the Clerk of Court filed Movant's § 2255 Motion (Doc. #6 in CV 09-2034-PHX-MHM (MHB) and Doc. #941 in CR 01-486-PHX-MHM) and Memorandum

(Doc. #7 in CV 09-2034-PHX-MHM (MHB) and Doc. #942 in CR 01-486-PHX-MHM).

**I.     Procedural Background**

Following a jury trial, judgment (Doc. #817 in CR-01-486-PHX-MHM) was entered against Movant on the following counts, as charged in the Fourth Superseding Indictment: (Count 1) Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(h) and 2; (Count 2) Conspiracy to Posses with Intent to Distribute Marijuana, Aid and Abet, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), and 846 and 2; and (Counts 3-5) Possession or Use of a Firearm During and in Relation to a Drug Trafficking Offense Resulting in Death, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (j)(1).

On April 29, 2005, the Court sentenced Movant to a term of life imprisonment, which consisted of a 57-month term of imprisonment on Count 1 and a term of life imprisonment on Count 2, said terms to be served concurrently. Movant was also sentenced to a term of life imprisonment on Count 3, a term of life imprisonment on Count 4, and a 25-year term of imprisonment on Count 5. Each of the sentences imposed on Counts 3, 4, and 5 is mandatory and each is to be served consecutively to any other term of imprisonment as required by statute. Upon release from imprisonment, Movant is to be placed on supervised release for a term of five years, consisting of three years on Count I and five years on Counts 2, 3, 4 and 5, said terms to run concurrently.

On May 9, 2005, Movant filed a Notice of Appeal (Doc. #818 in CR 01-486-PHX-MHM) to the United States Court of Appeals for the Ninth Circuit from the judgment of conviction and sentence. On July 18, 2008, the Ninth Circuit filed its Mandate (Doc. #929 in CR 01-486-PHX-MHM) affirming this Court's decision.

**II.    § 2255 Motion**

Movant seeks to have his conviction vacated and his indictment dismissed, or to have his sentence vacated and to be resentenced.

In his § 2255 Motion, Movant alleges seven grounds:

(1)     "Mr. Sinclair's conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the trial process";

1     (2)   "Mr. Sinclair's conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel in the pretrial process";

    (3)   "Mr. Sinclair's conviction and/or sentence is violative of his Sixth Amendment constitutional right to effective assistance of counsel";

    (4)   "Mr. Sinclair was denied effective assistance of counsel in the direct appeal process of his case";

    (5)   "Counsel unprofessionally failed to advise Mr. Sinclair as to all facts and law relevant to his decision to plead not guilty and proceed to trial";

    (6)   "Mr. Sinclair's conviction and sentence under 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(B)(ii) and (Conspiracy to Commit Money Laundering Beginning in November 1997 and up to and Including July 5, 2000) (Count 1ssss) is violative of his Fifth Amendment constitutional right to due process of law because no evidence was presented at trial that Mr. Sinclair conducted monetary transactions 'with intent to conceal' the funds"; and

    (7)   "Mr. Sinclair's sentences under 18 U.S.C. § 924(c)(1) [are] violative of the Fifth Amendment because the sentencing Court was not aware of the scope of it[]s sentencing discretion under 18 U.S.C. § 924(c)(1) and applicable law."

A response to the § 2255 Motion will be required.

### III. Warnings

#### A. Address Changes

Movant must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this § 2255 action.

#### B. Copies

Movant must serve the United States Attorney for the District of Arizona a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must be accompanied by a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Movant must submit an additional copy of every filing for use by the Court. LRCiv 5.4. The Court

may strike any filing that fails to comply with these requirements.

**C.    Possible dismissal**

Movant is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The Clerk of Court **must deliver** copies of the "Court Form AO-243 Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255" (Doc. #6 in CV 09-2034-PHX-MHM (MHB) and Doc. #941 in CR 01-486-PHX-MHM), "Memorandum In Support Of Motion To Vacate Sentence Pursuant To 28 U.S.C. § 2255" (Doc. #7 in CV 09-2034-PHX-MHM (MHB) and Doc. #942 in CR 01-486-PHX-MHM), and this Order to the United States Attorney for the District of Arizona.

(2)    Within 60 days from the date of service of the § 2255 Motion, the United States Attorney for the District of Arizona **must answer** the Motion. The United States Attorney **may file** an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S.Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2255 Cases.

(3)    Movant **may file** a reply within 30 days from the date of service of the answer.

//
//
//
//
//

(4) The matter is **referred** to Magistrate Judge Michelle H. Burns pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 21st day of February, 2010.

_____
Mary H. Murguia
United States District Judge