IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff/Respondent,<br><br>v.<br><br>Lloyd George Sinclair,<br><br>        Defendant/Movant. | )  CR 01-486-PHX-MHM<br>)<br>)  CIV 09-2034-PHX-MHM (MHB)<br>)<br>)  **REPORT AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>) |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

    Defendant/Movant Lloyd George Sinclair (hereinafter "Movant"), who is confined in the Federal Correctional Institution in Tucson, Arizona, has filed a *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," and Memorandum in Support (CVDoc. 6, 7)[1]. On June 9, 2010, Respondent filed a Response (CVDoc. 11). On June 23, 2010, Movant filed a Traverse (CVDoc. 12). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. §636(b)(1), this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court deny and dismiss the Motion.

///

---

    [1]All documents referenced from case number CIV 09-2034-PHX-MHM will be hereinafter designated "CVDoc." and all documents referenced from case number CR 01-486-PHX-MHM will be designated "CRDoc."

## BACKGROUND

On June 24, 2003, a federal Grand Jury returned a fourth superseding indictment against Movant, charging him with the following felony counts: (Count One) Conspiracy to Commit Money Laundering, (Count Two) Conspiracy to Possess with Intent to Distribute Marijuana, (Counts Three to Five) Possession or Use of a Firearm During and in Relation to a Drug Trafficking Offense Resulting in a Death. (CRDoc. 131; ER[2] 25.) The indictment also included a forfeiture allegation. (Id.) Five of the co-defendants in the indictment entered plea agreements with the government, and two remain fugitives. (PSR at 1a; CRDoc. 808-809.)

Movant pled not guilty, and after a 14-day trial, on September 24, 2004, was convicted on all counts. (CRDoc. 648, 693.) On April 29, 2005, Movant was sentenced as follows: Count One - 57 months in prison, followed by 3-years of supervised release. Count Two.- life imprisonment, to be followed by 5-years of supervised release. Counts Three and Four - life imprisonment, to be followed by 5-years of supervised release. Count Five - 25 years, followed by 5-years of supervised release. The sentences on Counts Three through Five were ordered to be served consecutive to any other term of imprisonment. The terms of supervised release were ordered to run concurrently. Movant was also ordered to pay restitution in the amount of $5,000.00. (CRDoc. 816.)

Movant filed an appeal to the Ninth Circuit, and on June 26, 2008, the Ninth Circuit Court of Appeals filed a Memorandum decision affirming Movant's convictions and sentence. (CVDoc. 11, Exh. A.) The mandate issued on July 18, 2008. (Id., Exh. B.) Movant did not petition the United States Supreme Court for a Writ of Certiorari.

---

[2] "ER" refers to the Ninth Circuit Appellant's Excerpt of Record, followed by the relevant tab number. "SER" refers to the Ninth Circuit Appellee's Supplemental Excerpts of Record, followed by the relevant page number(s). "PSR" refers to the Presentence Report.

Movant filed his §2255 Motion on September 28, 2009. (CvDoc. 1.) In his Motion, he raises the following eight grounds for relief[3]:

> Ground One: Ineffective Assistance of Counsel During the Trial and Direct Appeal Process, in violation of Movant's Sixth Amendment Right to Confrontation. (CVDoc. 6, at 5.)

Movant's claim is based upon his trial counsel's failure to object or move for a mistrial based the introduction during trial of an out-of-court statement in violation of his right to confront witnesses, and his appellate counsel's failure to raise the issue on appeal. (Id., at 19.) The statement was introduced during trial through government witness Rutty, who related statements made to him by Movant's co-defendant Henry, on a basketball court after the crimes had been committed that "we knocked down three guys," and that Henry had robbed three "Mexicans" in Phoenix and "took their weed." (CVDoc. 7, at 44.)

> Ground Two: Ineffective Assistance of Counsel During the Pretrial Process, When Counsel Unprofessionally Allowed [Movant] to Participate in "Free Talks" With the Government. (CVDoc. 6, at 6.)

This claim is based upon trial counsel's failure to advise Movant not to participate in "free talks" with the government. (Id., at 20.) He claims he was prejudiced because "[a]ll the talks did was cause another superseding indictment and more serious charges and give the government more evidence and leads to more evidence to use against [Movant]." (CVDoc. 7, at 48.)

> Ground Three: Ineffective Assistance of Counsel During the Trial Process when Counsel Failed to Advise him, and Affirmatively Misadvised him, as to his Constitutional Right to Testify. (CVDoc. 6, at 7.)

---

[3] For reasons that are not clear to the Court, Respondent in its Response identifies seven grounds for relief raised by Movant in his §2255 Motion (CVDoc. 6), instead of eight, and also identifies 72 sub-claims of relief raised by Movant, that do not appear in Movant's §2255 Motion. Movant points out this anomaly in his Traverse. (CVDoc. 12, at 18.) It appears Respondent misread the structure of Movant's Memorandum in Support of his §2255 Motion, that, although lengthy and elaborately outlined, did retain the substance of Movant's §2255 claims. Nonetheless, Respondent does address, albeit in a fashion that is very confusing and cumbersome to the Court, all of Movant's arguments.

Movant claims that trial counsel "did not advise [Movant] that he had the ultimate authority to decide whether to take the stand and testify. . ." (Id., at 21.) Movant claims he was prejudiced because if he had been properly advised he "would have taken the witness stand and directly rebutted each and every material fact presented through the perjured testimony of Witness Kevin Stone, whose 'credibility' was material to the jury verdict and [Movant]'s sentence." (Id., at 22.)

> Ground Four: Ineffective Assistance of Counsel During the Direct Appeal Process, when Counsel Failed to File a Petition for Writ of Certiorari to the Supreme Court. (CVDoc. 6, at 8.)

Movant claims that his sentence was in violation of the Supreme Court's opinion in Gall v. United States, 552 U.S. 38 (2007), which "rejected any appellate rule that required 'extraordinary' circumstances to justify a sentence outside the Guidelines range." (CVDoc. 7, at 55.) Movant concedes that his appellate attorney did not argue in the Ninth Circuit Court of Appeals that Movant's sentence was in violation of Gall v. United States, but argues that he is prejudiced because, if his appellate attorney had filed a petition for certiorari, then "there is a reasonable probability that the Court of Appeals would have been vacated by the Supreme Court and the Court of Appeals would have been instructed to reconsider his sentence in light of Gall v. United States, . . ." (Id., at 57.)

> Ground Five: Ineffective Assistance of Counsel due to the Cumulative Impact of Multiple Deficiencies or Errors by Counsel During the Pretrial, Plea, Trial, Sentencing, and Direct Appeal Process. (CVDoc. 6, at 9.)

Movant claims that he was prejudiced by the cumulative impact of the "multiple deficiencies and errors" of counsel. (CVDoc. 7, at 60.)

> Ground Six: Movant was Denied Due Process of Law in the Trial Process, when Movant was Convicted of Money Laundering Without Proof of "Intent to Conceal" the Funds. (CVDoc. 6, at 10.)

Movant claims that "no evidence was presented at trial that [Movant] conducted monetary transactions 'with intent to conceal' the funds," as required by the Supreme Court in Regalado-Cuellar v. United States, 553 U.S. 550 (2008), and therefore those convictions should be reversed. (CVDoc. 7, at 64.)

- 4 -

> <u>Ground Seven</u>: Movant's Consecutive Sentences in Counts 3-5 for Violation of 18 U.S.C. §924(C)(1) are Unlawful Because Movant was Already Subjected to a "Mandatory Minimum" of 10 Years in Movant's Count 2 Conviction. (CVDoc. 6, at 10.)

Movant claims that because he was subjected to a mandatory minimum 10-year sentence on Count Two, the provisions of 18 U.S.C. §924(c) preclude the imposition of consecutive sentences on Counts Three through Five. (CVDoc. 7, at 63.)

> <u>Ground Eight</u>: Movant's Conviction and Sentence are Violative of the First, Second, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution. (CVDoc. 6, at 11.)

Movant argues that his conviction and sentence "are violative of his right to freedom of speech and to keep and bear arms and to petition, his right to be free of unreasonable search and seizure, his right to Due Process of law, his rights to counsel, to jury trial, to confrontation of witnesses, to present a defense, and to compulsory process, and his right to be free of cruel and unusual punishment under the Constitution." (<u>Id.</u>, at 11.)

Movant requests that the Court order an evidentiary hearing, because "many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the 'files and records.'" (CVDoc. 7, at 67.) Movant also requests that his conviction be vacated and the indictment dismissed, or that his sentence be vacated and that he be resentenced with a "downward variance and without the money laundering sentence and the sentences for violation of 18 U.S.C. §924(c)(1) running concurrent to his other sentences." (<u>Id.</u>, at 70.)

## LEGAL ANALYSIS

A.   <u>Statute of Limitations.</u>

The Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for federal prisoners to collaterally attack their convictions. The period runs from the latest of, as it pertains here, the date on which the judgment of conviction becomes final. 28 U.S.C. §2255(f)(1). The judgment of conviction in the case of a prisoner who has filed an appeal becomes final after the time for seeking certiorari in the United States Supreme Court has expired. <u>United States v. Garcia</u>, 210 F.3d 1058, 1059 (9th

- 5 -

1 Cir. 2000). The deadline for seeking review on certiorari is 90 days from the date of entry
2 of judgment by the lower court. Sup.Ct.R. 13(1).

3       The decision of the appellate court in Movant's case was entered on June 26, 2008;
4 therefore, Movant's deadline for filing a petition of certiorari was September 23, 2008. His
5 §2255 Motion was therefore due one-year from that date, on September 22, 2009.
6 Respondent argues that Movant did not meet this deadline because he filed the instant §2255
7 Motion on September 28, 2009. Movant claims that he mailed his motion for filing on
8 September 22, 2008, which is consistent with a "Certificate of Filing" that was attached to
9 his Motion for Permission to File Oversized Brief (CVDoc. 1, at 4), and the "Certificate of
10 Filing" that was attached to his Memorandum in Support of Motion to Vacate Sentence
11 Pursuant to 28 U.S.C. §2255 (CVDoc. 3-1, at 3). Movant signed the certificates, under
12 penalty of perjury, indicated that he had deposited his pleading (Docs. 1,2,3) into the prison
13 legal mail collection box on September 22, 2009. The signature date on Movant's §2255
14 motion, his motion for filing, and his memorandum also indicate September 22, 2009.
15 (CVDoc. 1, at 3; CVDoc. 2, at 30; CVDoc. 3-1, at 2.) The District Court Clerk filed the
16 pleadings on September 28, 2009, which is not inconsistent with a purported September 22
17 mailing. Respondent does not dispute Movant's factual claim. "[A]n incarcerated *pro se*
18 litigant completes service under Fed.R.Civ.P. 5(b) upon submission to prison authorities for
19 forwarding to the party to be served." Schroeder v. McDonald, 55 F.3d 454, 459 (9th Cir.
20 1995) (citations omitted); see Huizar v. Carey, 273 F.3d 1220, 1223 (2001) (applying the
21 prison mailbox rule in the habeas context). Thus, under the circumstances present here,
22 Movant's §2255 Motion was timely filed under the AEDPA.

23       B. Ineffective Assistance of Counsel: Grounds One through Five.

24       The two-prong test for establishing ineffective assistance of counsel was established
25 by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). In order to prevail
26 on an ineffective assistance claim, a convicted defendant must show (1) that counsel's
27 representation fell below an objective standard of reasonableness, and (2) that there is a
28

- 6 -

1 reasonable probability that, but for counsel's unprofessional errors, the result of the
2 proceeding would have been different. See id. at 687-88.

3     Regarding the performance prong, a reviewing court engages a strong presumption
4 that counsel rendered adequate assistance, and exercised reasonable professional judgment
5 in making decisions. See id. at 690. "[A] fair assessment of attorney performance requires
6 that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
7 circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
8 perspective at the time." Bonin v. Calderon, 59 F.3d 815, 833 (9th Cir. 1995) (quoting
9 Strickland, 466 U.S. at 689). Moreover, review of counsel's performance under Strickland
10 is "extremely limited": "The test has nothing to do with what the best lawyers would have
11 done. Nor is the test even what most good lawyers would have done. We ask only whether
12 some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel
13 acted at trial." Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir.), judgment rev'd on other
14 grounds, 525 U.S. 141 (1998). Thus, a court "must judge the reasonableness of counsel's
15 challenged conduct on the facts of the particular case, viewed as of the time of counsel's
16 conduct." Strickland, 466 U.S. at 690.

17     If the prisoner is able to satisfy the performance prong, he must also establish
18 prejudice. See id. at 691-92; see also Smith v. Robbins, 528 U.S. 259, 285 (2000) (burden
19 is on defendant to show prejudice). To establish prejudice, a prisoner must demonstrate a
20 "reasonable probability that, but for counsel's unprofessional errors, the result of the
21 proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable
22 probability" is "a probability sufficient to undermine confidence in the outcome." Id. A
23 court need not determine whether counsel's performance was deficient before examining
24 whether prejudice resulted from the alleged deficiencies. See Robbins, 528 U.S. at 286 n.14.
25 "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient
26 prejudice, which we expect will often be so, that course should be followed." Id. (quoting
27 Strickland, 466 U.S. at 697).

28

The court shall not grant a prisoner an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, . . ." 26 U.S.C. §2255. <u>Watts v. United States</u>, 841 F.2d 275, 276 (9th Cir. 1928) A hearing is not required when credibility issues can be conclusively decided on the basis of documentary testimony and evidence in the record. <u>Id.</u>, at 277. A prisoner must "allege specific facts which, if true, would entitle him to relief." <u>United States v. McMullen</u>, 98 F.3d 1155 (9th Cir. 1996). <u>See</u> also, <u>Shah v. United States</u>, 878 F.2d 1156, 1161 (9th Cir. 1989) (vague assertions with no supporting facts do not warrant habeas relief).

**1**. **Ground One.**

Claimant asserts that his counsel failed to object, move for a mistrial or appeal based upon a violation of his right to confront witnesses against him. Specifically, Movant complains about the admission of the out-of-court statement of Jerome Henry. Movant's trial counsel did object at trial, and raised as an issue on appeal, that the district court erred by introducing the statement because (1) the government did not establish the existence of a conspiracy which included witness Rutty and Movant, (2) the statement of Henry against himself was used to implicate Movant; and (3) it was not established that the statement was made during the course and in furtherance of the conspiracy. (CRDoc. 632, Opening br. at 37.) The Ninth Circuit considered the issue and upheld the district court's admission of the hearsay. (CVDoc. 11, Exh. A, at 3, n.1.)

Generally, a § 2255 Movant may not relitigate an issue he unsuccessfully raised on appeal. <u>United States v. Hayes</u>, 231 F.3d 1132, 1139 (9th Cir. 2000); <u>United States v. Redd</u>, 759 F.2d 699, 701 (9th Cir. 1985) ("Redd raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, this claim cannot be the basis of a §2255 motion."). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) (citation omitted). The Ninth Circuit Court of Appeals reviewed Movant's claim that a confrontation clause violation occurred, and his claim was rejected. Furthermore, contrary to Movant's assertion, his trial counsel did object to the admission of the testimony (CRDocs. 609, 632, 679, at 28.),

1  and did raise the issue on appeal. Even if Movant could establish deficient performance, he
2  is not prejudiced, given the appellate court's review and rejection of the claim.

3  **2.     Ground Two.**

4  Movant claims that his counsel was ineffective in allowing Movant to participate in
5  "free talks" with the government before trial.  Specifically, Movant claims that his "free
6  talks" resulted in a superseding indictment with more serious charges, and resulted in the
7  government having additional evidence against him. (CVDoc. 7, at 48.) He does not identify
8  with any degree of specificity what evidence was gained by the government during the free
9  talks that was presented to the grand jury to support additional charges, or what evidence was
10 gained by the government during the free talks that was used at trial to support his
11 convictions. Movant's trial counsel signed an affidavit avowing the following:

> [Movant] alleges that I could have but did not advise him to not participate in free talks. [Movant] participated in free talks in New York prior to me being appointed to represent him. He made some admissions concerning his involvement in the drug transaction that resulted in the murders prior to my representation of him. Once I was appointed to represent him I discussed with him whether or not he should continue to cooperate with law enforcement. He decided that it was in his best interest to continue to cooperate.

(CVDoc. 11, Exh. C.)

Although a defendant's attempted cooperation with law enforcement has been recognized as a critical stage of the proceedings, United States v. Leonti, 326 F.3d 1111, 1120 (9th Cir. 2003), Movant does not demonstrate, beyond his bare assertion, that by "allowing him" to cooperate with law enforcement, counsel's performance fell below an objective standard of reasonableness. Doubtless, an attorney's recommendation that a client cooperate with law enforcement may be good advise, and may lead to beneficial consideration by the government and by the court. In any event, Movant does not demonstrate prejudice. "The evidence used to construct the government's theory of the case against [Movant] was gained from other cooperating co-defendants and forensic evidence. It did not come from statements that the defendant made during the free talks." (CVDoc. 11, at 14) (setting forth the evidence presented in support of the conviction). Also, Movant did not admit his participation in the homicides, but claimed to an interviewing detective, prior

1  to Movant's counsel being appointed to represent him, that a co-defendant was responsible.
2  (PSR at ¶¶16-19; CRDoc. 677, at 90-132.) Movant does not assert a viable claim for
3  ineffective assistance of counsel.

**3.      Ground Three.**

Movant asserts that his trial counsel failed to advise him, and affirmatively misadvised him of his right to testify during his trial in his own defense, and that if he had "taken the witness stand" he would have "directly rebutted each and every material fact presented through the perjured testimony of witness Kevin Stone whose credibility was material to the jury verdict and [Movant]'s sentence." (CVDoc. 7, at 50.) Movant does not explain what part of Kevin Stone's testimony he considers "perjured," or how he would effectively rebut Stone's testimony. Furthermore, his trial counsel, in a sworn affidavit, indicated that he discussed with Movant his right to testify, and that Movant chose not to. (CVDoc. 11, Exh. C; CRDoc. 837, at 9**.)** During trial, his counsel undertook a vigorous cross-examination of Kevin Stone. (CRDoc. 681, at 86-139.) Movant's unsupported assertion is insufficient to constitute a viable claim for ineffective assistance of counsel.

**4.      Ground Four.**

Movant claims that his appellate counsel was ineffective by not filing a petition for a writ of certiorari to the Supreme Court. Movant's counsel did not file a petition because he did not believe that there were any issues to appeal that the Supreme Court would consider, and he discussed this decision with both Movant and his mother. (CVDoc. 11, Exh. C.) Review by the Supreme Court on a writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. Sup.Ct.R. 10. The Ninth Circuit 3-page Memorandum decision in Movant's case hardly falls within the "character of the reasons" that the Supreme Court grants review, as set forth in Rule 10 of the Supreme Court Rules. Furthermore, Movant does not claim that he told his counsel to file a petition, or that when his counsel notified him of his decision not to file a petition he could not have file a *pro se* petition.  Thus, his claim is distinguished from an attorney's failure, at a defendant's request to file a direct appeal (an appeal of right) from his judgment

1  and conviction. See, United States v. Sandoval-Lopez, 409 F.3d 1193, 1196 (9th Cir. 2005).
2  Movant does not establish that his appellate counsel was ineffective in not filing a petition
3  for writ of certiorari before the Supreme Court.

4  **5.      Ground Five.**

5  Movant argues that the cumulative effect of trial counsel's errors during the pretrial,
6  trial, sentencing and direct appeal amount to ineffective assistance of counsel. In addition
7  to alleging the above errors of counsel, Movant asserts the following errors of trial counsel:
8  trial counsel failed to advise him adequately as to all the facts and law relevant to his decision
9  to plead not guilty and pursue a favorable plea agreement, failed to move for suppression of
10 evidence material to his conviction and sentence, failed to investigate or present exculpatory
11 evidence and failed to timely object to the admission of evidence, failed to timely request
12 appropriate jury instructions and failed to object to improper prosecution argument, failed
13 to investigate or present evidence and legal authority at sentencing, and failed to move for
14 downward departure or variance at sentencing. He also claims that his appellate counsel
15 failed to argue the denial of his Sixth Amendment right to have a jury determine facts not
16 charged in the indictment, and that his appellate and trial counsel labored under a conflict of
17 interest. (CVDoc. 6, at 24-26.)

18 Movant does not offer any specific facts in support of these broad claims. Mere
19 conclusory allegations are insufficient to prove that counsel was ineffective. Shah, 878 F.2d
20 at 1161. "Notice pleading is not sufficient, for the petition is expected to state facts that point
21 to a real possibility of constitutional error." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
22 1990) (citations omitted). Furthermore, his counsel did object to the court considering any
23 facts not decided by the jury in determining Movant's sentence. (CRDoc. 834, at 8.)
24 Regarding the allegation of conflict-of-interest, Movant's counsel avowed in an affidavit
25 sworn under oath that he "never represented any other party or victim in the case. . . . [and]
26 [does] not believe that [he] had a conflict of interest." (CVDoc. 11-3, at 2.) Movant does
27 not, in any event, identify the purported conflict. Movant's claim that the cumulative errors
28 of counsel constituted ineffective assistance is without merit.

To the extent Movant claims his counsel was ineffective by not raising as an issue the fact that the crime of money laundering requires proof of an "intent to conceal" as set forth by Supreme Court in its decision in Regalado-Cuellar, that claim is addressed infra, as the sufficiency of his money laundering conviction is the substance of his claim in Ground Six.  Also, to the extent Movant claims his counsel was ineffective in not objecting to an unlawful sentence, the legality of his sentence is addressed infra, as it is the subject of his claims in Grounds Seven and Eight.

C. Substantive Claims: Grounds Six through Eight.

**6.    Ground Six.**

Movant claims that he was denied Due Process because he was convicted of money laundering without proof of "intent to conceal" the funds.  (CVDoc. 6, at 10.)  Movant procedurally defaulted this claim by not raising it in his direct appeal.  "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error."  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Frady, 456 U.S. 152 (1982)).  Movant does not offer any justification for not having raised the issue on appeal, or demonstrate actual prejudice.  Even if appellate counsel had raised the issue on appeal, Movant can not establish a likelihood that his appeal would be successful.

Movant cites Regalado-Cuellar for the proposition that the crime of money laundering, as set forth in 18 U.S.C. §1956(h) requires proof of an intent to conceal the laundered funds.  The government presented proof at trial that Movant committed various acts of concealment of drug proceeds sufficient to establish an "intent to conceal."  The government presented evidence that Movant had Monika Williams purchase a BMW and rent other vehicles for him with the proceeds he received from distributing marijuana. (CVDoc. 11, at 17-18, Exh. D.)  Movant's claim that his conviction on Count One, Conspiracy to Commit Money Laundering, was obtained in violation of his Due Process rights fails on procedural grounds, and alternatively, on the merits.

- 12 -

**7.     Ground Seven.**

Movant claims that his consecutive sentence in Counts Three through Five are unlawful because he was subjected to a mandatory minimum sentence of 10-years on Count Two. (CVDoc. 7, at 64.) Movant was given a 57-month sentence on Count One, Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §1956(h) and §2, a life sentence on Count Two, Conspiracy to Possess with the intent to Distribute Marijuana, Aid and Abet, in violation of 21 U.S.C.§ 841(a)(1)&(b)(1)(A)(vii), §846, and §2, a life sentence on Counts Three and Four and 25-years on Count Five, Possession or Use of a Firearm During and in Relation to a Drug Trafficking Offense Resulting in Death, in violation of 18 U.S.C. §924(c)(1)(A)(iii). (CRDoc. 817.) Counts One and Two were ordered to be served concurrently, and counts Three through Five were ordered to be served consecutively to any other term of imprisonment. (Id.) Movant argues that his consecutive sentences are unlawful, because the statutory provision that the court used to justify the imposition of consecutive sentences, 18 U.S.C. §924(c)(1)(D)(ii), "did not apply to defendant because a greater minimum sentence was otherwise provided by the armed career criminal provision, 18 U.S.C. §924(e), which subjected [Movant] to a fifteen-year minimum sentence." (CVDoc. 7, at 64.) He cites United States v. Whitley, 529 F.3d 150 (2nd Cir. 2008) in support of his argument.

The holding in that case is inapplicable here. The defendant in Whitley had been convicted of one count of possessing a firearm after having been convicted of at least three violent felonies or serious drug offenses, in violation of 18 U.S.C. §922(g)(1) and §924(e). Whitley, 529 F.3d at 151. The Second Circuit court held that the "exception" provision of 18 U.S.C.§ 924(c)(1)(A) should be read literally, to prevent the application of the mandatory consecutive clause, (c)(1)(D)(ii), when a defendant is subjected to a greater mandatory minimum under that subsection or any other provision of law. (Id., at 158.) Movant was not convicted of a §922(g)(1) offense, and was not otherwise subjected to a "greater minimum" sentence under any other provision of law, and thus, the "exception" provisions of §922(c)(1)(A) does not apply to him.

1    Furthermore, the majority of federal circuit courts have found, contrary to the Second
2 Circuit, that the "except" language of §924(c) "connotes a comparison between alternative
3 minimum sentences for a violation of §924(c), not between sentences for separate violations
4 of §924(c) and another statute." U.S. v. Abbott, 574 F.3d 203, 211 (3rd Cir. 2009). The
5 United States Supreme Court recently granted certiorari to resolve a circuit split as to the
6 interpretation of the introductory clause of Section 924(c).   See, Abbott, supra, cert.
7 granted, Abbott v. U.S., — U.S. —, 130 S.Ct. 1284 (2010).; United States v. Gould, 329
8 Fed.Appx. 569 (2009), cert. granted, Gould v. United States, — U.S. —, 130 S.Ct. 1283
9 (2010). Thus, Movant's claim regarding his consecutive sentences is without merit.

**8.     Ground Eight.**

Movant's broad claims that his conviction and sentence violate his rights under the First, Second, Fourth, Fifth, Sixth and Eighth Amendment without identifying specific facts in support of these claims is not sufficient to justify an evidentiary hearing, or the relief requested. Movant claims that "many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the files and records." (CVDoc. 7, at 67.)  Without more, Movant fails to "state facts that point to a real possibility of constitutional error." O'Bremski, 915 F.2d at 420.

Movant claims that his trial counsel was ineffective as he failed to investigate or present evidence and legal authority at sentencing, and failed to move for downward departure or variance at sentencing. (See, Ground Five, infra.)   Movant claims that his appellate counsel was ineffective as he failed to argue the denial of his Sixth Amendment right to have a jury determine facts not charged in the indictment. (Id.)

Movant's counsel objected at sentencing to the court considering any drug amounts, not found by the jury, in the calculation of the applicable guideline offense level. (CRDoc. 834, at 8, 11.) He objected to the court's cross-reference to the first-degree murder statute in determining the base offense level for Count Two, Conspiracy to Possess with the Intend to Distribute Marijuana. (Id., at 26.) Movant's counsel also objected to the imposition of consecutive sentences on the §924(c) counts. (Id., at 38-39.) The Court considered counsel's

1 objections, and acknowledged the advisory nature of the guidelines before imposing
2 sentence. (Id., at 43.) Finally, Movant raised these issues on appeal, and the Ninth Circuit
3 Court of Appeals found that "[t]he district court properly considered the factors under §3553
4 during [Movant]'s sentencing hearing.... [and] properly applied the appropriate sections and
5 cross-references in the Sentencing Guidelines." (CVDoc. 11, Exh. A, at 3.) The court
6 further found that "[Movant]'s sentences on each count of conviction are within the
7 Guideline ranges and are in all respects reasonable." (Id.) The record does not establish that
8 Movant's trial and appellate counsel were ineffective, and Movant presents no new facts or
9 law that trial counsel should have brought to the attention of the court to support a sentencing
10 variance, or what facts his appellate counsel should have raised to support a claim that the
11 Court sentenced him based upon factors not found by a jury. Movant's claim that his
12 conviction and sentence were in violation of his constitutional rights fails on the merits.

## CONCLUSION

14 For the foregoing reasons, the Court finds that Movant's claims are barred by a valid
15 waiver, or are barred as merit less. Movant has not raised facts or issues that entitle him to
16 an evidentiary hearing on his claims. Accordingly, the Court will recommend that Movant's
17 request for an evidentiary hearing, and his §2255 Motion be denied.

18 **IT IS THEREFORE RECOMMENDED** that Movant's *pro se* "Motion Under 28
19 USC § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody"
20 (CivDoc. 6) be **DENIED**.

21 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave
22 to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a
23 substantial showing of the denial of a constitutional right.

24 This recommendation is not an order that is immediately appealable to the Ninth
25 Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
26 Appellate Procedure, should not be filed until entry of the district court's judgment. The
27 parties shall have fourteen days from the date of service of a copy of this recommendation
28 within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);

Fed.R.Civ.P. 6(a), 6(b) and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation.  See Fed.R.Civ.P. 72.

DATED this 13th day of October, 2010.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge