**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 01-486-PHX-JAT |
| Plaintiff/Respondent, | CV 09-2034-PHX-JAT (MHB) |
| vs. | **ORDER** |
| Lloyd George Sinclair, | |
| Defendant/Movant. | |

Pending before the Court is Movant's motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C § 2255.  This case was referred to Magistrate Judge Burns who, on October 14, 2010, filed a Report and Recommendation (R&R).  Doc. 13.[1]  Movant filed objections to the R&R.  Doc. 15.  Because objections have been filed the Court will review the Motion de novo.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

As recounted in the R&R:

> On June 24, 2003, a federal Grand Jury returned a fourth superseding indictment against Movant, charging him with the following felony counts: (Count One) Conspiracy to Commit Money Laundering, (Count Two) Conspiracy to Possess with Intent to Distribute Marijuana, (Counts Three to Five) Possession of Use of a Firearm During and in Relation to a Drug Trafficking Offense Resulting in Death. ...
> Movant pled not guilty, and after a 14-day trial, on September 24, 2004, was convicted on all counts. ...

---

[1]  All Document numbers are in CV 09-2034 unless otherwise indicated.

Movant filed an appeal to the Ninth Circuit, and on June 26, 2008, the Ninth Circuit Court of Appeals filed a Memorandum decision affirming Movant's convictions and sentence. ... Movant did not petition the United States Supreme Court for a Writ of Certiorari.

Doc. 13 at 2.

In his Petition, Movant raises seven claims for relief. The first five are theories of ineffective assistance of counsel. The sixth is a due process claim, and the seventh is an alleged error in sentencing.

## I.   Ineffective Assistance of Counsel Claims (Claims 1 through 5)

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotations omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. In order to show prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Without specifics that cause the court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that petitioner needs to "identify what evidence counsel should have presented" to show his innocence).

### A.   Claim 1 - Sixth Amendment Violation

Movant claims his counsel was ineffective for not objecting to the testimony of co-Defendant Henry being admitted even though Henry was unavailable to testify. The R&R interpreted Petitioner's argument as one under the confrontation clause. Doc. 13 at 8. The R&R noted that the Court of Appeals considered Movant's confrontation clause argument, and affirmed the district court's admission of the hearsay statements (as statements of a co-

conspirator).  *Id*.  Additionally, the R&R notes that Movant's counsel did object to the admission of the statements at trial and raised the issue on appeal.  *Id*.  Having reviewed this issued de novo, the Court finds counsel was not ineffective for repeatedly raising, but not winning, a legal issue.

In his objections, Movant argues that at trial and on appeal his counsel objected only on the basis of Federal Rule of Evidence 804(b)(3); and, now, Movant is arguing that his counsel was ineffective for not objecting on the basis of a violation of his confrontation clause rights under the Sixth Amendment.  Doc. 15 at 18.  Therefore, Movant argues this is not the issue addressed by the Court of Appeals.  *Id*.  In its opinion, the Court of Appeals stated, "We have also considered Sinclair's arguments regarding the Vienna Convention and the admission of hearsay by a co-conspirator.  Neither of these arguments requires reversal of Sinclair's conviction."  Doc. 929-2 (in CR 01-486) at 3, n. 1.  This Court finds that the Court of Appeals' holding encompassed both the Federal Rules of Evidence and the Sixth Amendment.  Accordingly, the objection on this claim is overruled.

### B.     Claim 2 - Allowing Movant to Engage in Free Talks

Next, Movant claims his counsel was ineffective for allowing him to engage in free talks with the Government.  Movant claims, without any specific facts, that information he provided the Government in the free talks was ultimately used against him; thus, his counsel should have advised him to not engage in the free talks. (Doc. 7 at 47-48).  The Government responds and argues that the factual premise of Movant's argument is incorrect.  (Doc. 11 at 14).  The Government states that none of Defendant's statements made during the free talks were used against him.  *Id*.  The R&R concludes that Movant did not present facts to dispute the Government's version of the facts.  Doc. 13 at 9-10.

Movant did not object to this specific conclusion of the R&R.  However, Movant did incorporate by reference every argument he has made as an "objection."  Doc. 15 at 25.  The Court has reviewed the record and agrees with the R&R that Movant failed to show what specific evidence, or statements, were gained by the Government from the free talks that were ultimately used against Movant.  Therefore, the Court agrees with the conclusion of the

1   R&R that Movant cannot show that his participation in the free talks prejudiced him.

2   Accordingly, this claim of ineffective assistance of counsel fails.

3       **C.    Claim 3 - Movant's Failure to Testify**

4       Movant claims his counsel was ineffective regarding Movant's failure to testify

5   because counsel failed to advise Movant that Movant had the right to testify, and that the

6   decision of whether to testify rested with Movant.  Further, Movant claims he could have

7   rebutted all of Kevin Stone's testimony.

8       As stated above with respect to the decision not to testify, Movant asserts that his

9   counsel failed to tell him he had the right to testify, and that he could make the decision to

10  testify.  Conversely, Movant's trial counsel filed a sworn affidavit stating that he discussed

11  Movant's right to testify with Movant and that Movant chose not to testify.  Doc. 11, Ex. C.

12  Movant responds to this affidavit by arguing that this Court cannot assess Movant's

13  credibility against his former counsel's credibility without an evidentiary hearing.  Doc. 15

14  at 21.

15      This Court may deny a request for an evidentiary hearing if the motion, files, and

16  records of the case conclusively show that Movant is entitled to no relief.  *United States v.*

17  *Chacon-Palomares*, 208 F.3d 1157, 1159 (9th Cir. 2000).  Here, Movant argues that,

18  "[Movant] would have taken the witness stand and directly rebutted each and every material

19  fact presented through the perjured testimony of Witness Kevin Stone, whose 'credibility'

20  was material to the jury verdict."  Doc. 15 at 21, n. 3.

21      Movant's assertion that Kevin Stone perjured himself is conclusory and does not

22  entitle Movant to relief.  *See Stein v. United States*, 390 F.2d 625, 627 (9th Cir. 1968).[2]  Thus,

23

24      [2]  In *Stein*, the Court stated:

25      [Movant] alleges that [the Winfreys witnesses] committed perjury by testifying
        they purchased heroin from him.  This is precisely the question the jury
26      decided against [Movant] at trial. [Movant] claims to have recently acquired
        'proof' of this perjury, but he makes only this conclusory statement without
27      any indication of what proof he has.  A judge cannot bring a prisoner back
28      from the penitentiary for a hearing whenever a conclusory statement is filed.

the question is whether Movant's assertion that he would have refuted each factual assertion of witness Stone is sufficient to show prejudice, i.e. that the result would have been different. This question turns on whether Movant's contention that he would have refuted "each and every material fact" is conclusory. *Id*. ("It is well-established that mere conclusory allegations are not sufficient to warrant relief under a 2255 motion.").

The Court finds Movant's allegation is too conclusory to warrant relief. Specifically, Movant fails to detail what specific facts Stone testified to, and how Movant would have refuted those facts. As a result, Movant has failed to establish that he would have had personal knowledge of each fact, such that there would have been foundation for his testimony.[3]  Without such specificity, Movant has failed to show any prejudice from his failure to testify. Thus, the Court will deny Movant's ineffective assistance of counsel claim on the basis that Movant has not shown prejudice without deciding whether counsel's conduct fell below the objective standard of reasonableness. Because the Court is not reaching the issue of counsel's performance, the Court is not considering the conflicting affidavits about counsel's advice; therefore, the Court need not conduct an evidentiary hearing.

### D.    Claim 4 - Counsel's failure to petition the Supreme Court for a Writ of Certiorari

Next, Movant claims his counsel was ineffective because counsel failed to petition the Supreme Court for a writ of certiorari. "...[A] criminal defendant has no constitutional right

---

*Stein*, 390 F.2d at 627.

[3]  In addition to his 33 page Motion (Doc. 6), Movant also filed a 71 page supporting memorandum (Doc. 7). Movant discusses this claim at pages 49-53 of the memorandum. In the memorandum, Movant goes through cases that support his right to testify, but offers no additional facts regarding what his testimony would have been. Movant concludes by seeking "an evidentiary hearing where he can prove his case." Doc. 7 at 53. However, an evidentiary hearing is not the starting point for proving a case. Instead, Movant must have alleged facts which, if true, would raise a colorable claim of ineffective assistance of counsel, before the Court conducts the evidentiary hearing. *See Siripongs v. Calderon*, 35 F.3d 1308, 1314 (9th Cir. 1994). Accordingly, Movant's request for an evidentiary hearing as a starting point to prove his claim is denied.

1   to counsel to pursue a petition for writ of certiorari." *Wyatt v. United States*, 574 F.3d 455,

2   459 (7th Cir. 2009) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)). "And where there is

3   no constitutional right to counsel, there cannot be constitutionally ineffective assistance of

4   counsel." *Wyatt*, 574 F.3d at 459.  Thus, the Court does not find ineffective assistance of

5   counsel based on the failure to file the petition for writ of certiorari.

6           **E.      Claim 5 - Other theories of ineffective assistance**

7           In his Motion, Movant includes numerous other theories of ineffective assistance,

8   most of which relate to counsel's failure to do more on Movant's behalf.  For example,

9   Movant alleges that counsel: failed to advise him fully regarding his decision not to plead

10  guilty (Doc. 6 at ¶ 67), failed to file a motion to suppress (*id.* at ¶ 68), failed to request proper

11  jury instructions (*id.* at ¶ 71), failed to investigate (*id.* at ¶ 72), failed to present evidence at

12  sentencing (*id.*), failed to present evidence regarding a downward departure (*id.* at ¶ 73),

13  failed to address *Apprendi* issues (*id.* at ¶ 74), and had a conflict of interest (*id.* at ¶ 75).

14  Movant makes all of these allegations without any specifics of what further arguments or

15  investigations counsel should have made.  Additionally, Movant has failed to show how

16  failing to make these investigations or arguments caused prejudice.  *See James v. Borg*, 24

17  F.3d 20, 26 (9th Cir. 1994) (noting that a petitioner needs to "identify what evidence counsel

18  should have presented... .").  Thus, Movant has failed to show ineffective assistance of

19  counsel as to this claim.

20          In addition to the theories recounted above, Movant also adds a claim that

21  cumulatively all of counsel's errors amount to ineffective assistance. (Doc. 6 at ¶ 76).  If

22  counsel's performance is deficient in multiple ways, the multiple deficiencies can

23  cumulatively equate to prejudice.  *Harris by and through Ramseyer v. Wood*, 64 F.3d 1435,

24  1438 (9th Cir. 1995).

25          In this case, Movant has failed to show that his counsel's performance was deficient.

26  Accordingly, there are no deficiencies that could cumulatively have prejudiced Movant.

27  Therefore, habeas relief on this theory is also denied.

28

1    **II.      Due Process (Claim 6)**

2           Movant argues that his conviction for money laundering should be reversed because

3    the prosecution did not present evidence of his intent to conceal the funds; thus, Movant's

4    conviction violates his due process rights.  The R&R concludes that Movant procedurally

5    defaulted this claim by failing to raise it in his direct appeal.  Doc. 13 at 12.

6           A procedurally defaulted claim typically cannot be raised in a § 2255 petition. *Bousley*

7    *v. United States*, 523 U.S. 614, 621 (1998).  In his objections, Movant does not dispute that

8    he failed to raise this claim on appeal.  Doc. 15 at 14-15.  When a claim is procedurally

9    defaulted, the Court may still consider the claim if Movant demonstrates either cause and

10   prejudice, or actual innocence. *U.S. v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).  In his

11   objections, Movant argues that his "cause" to excuse his default is that his claim is "novel."

12   Doc. 15 at 14-15.  "Generally to demonstrate 'cause' for procedural default, [a petitioner]

13   must show that 'some objective factor external to the defense' impeded his adherence to the

14   procedural rule."  *United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003) (quoting

15   *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

16          Movant does not clarify exactly how this claim is a violation of due process.  On the

17   merits, Movant is arguing that there was insufficient evidence to support the verdict.  An

18   argument that there was insufficient evidence to support the verdict may be raised as a due

19   process challenge. *See generally Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  However,

20   failure to have effective assistance of appellate counsel can also be a due process violation

21   that results in cause to excuse a procedural default of a claim. *United States v. Skurdal*, 341

22   at 925-26.

23          To the extent Movant is arguing that, on the merits, there was insufficient evidence

24   to support the verdict, the Court does not find Movant's theory that his current argument is

25   "novel" to be cause to excuse his procedural default of this claim.  The Ninth Circuit Court

26   of Appeals issued its decision affirming Movant's conviction on June 26, 2008.  (CR 01-486,

27   Doc. 929-1.)  The case on which Movant's bases his "intent to conceal" argument was

28   decided June 2, 2008. *See Regalado Cuellar v. United States*, 553 U.S. 550 (2008).

1  Therefore, this issue was available on direct appeal and the failure to raise it is not cause to
2  excuse the procedural default of this claim.

3       To the extent Movant intended to argue that his counsel's failure to argue *Regalado*
4  *Cuellar* on direct appeal was ineffective assistance of appellate counsel that resulted in a due
5  process violation that equates to cause to excuse procedural default, the claim is also denied.
6  Movant has failed to allege whether counsel raised *Regalado Cuellar* after the case was
7  resubmitted to the Court of Appeals.  Movant has also failed to show that raising *Regalado*
8  *Cuellar* would have caused the Court of Appeals to reach a different decision.  Thus, the
9  Court does not find cause or prejudice to excuse the procedural default of this claim.
10  Therefore relief as to this claim is denied.[4]

11  **III.    Claim 7 - Unlawful sentence**

12       As discussed in Claim 6, a claim that could have been raised in a direct appeal and
13  was not is procedurally defaulted.  *Bousley*, 523 U.S. at 621.  Further, Movant cannot raise
14  a procedurally defaulted claim in a § 2255 petition unless he shows cause and prejudice to
15  excuse his procedural default.  *Ratigan*, 351 F.3d at 962.

16       Movant does not specifically address this claim in his objections.  In his Motion, like
17  Claim 6, Movant claims that Claim 7 is novel, and the fact that the claim is novel should
18  excuse his procedural default.  Doc. 6 at 26.  The Court disagrees that Movant's theory that
19  his sentence should have been different because the sentencing Judge did not understand the
20  scope of her discretion or that the his consecutive sentences were unlawful are so "novel"
21  that the failure to raise them on direct appeal is cause to excuse his procedural default.
22  Accordingly, relief on this theory will also be denied.

23  **IV.    Conclusion**

24       Based on the foregoing,

25       **IT IS ORDERED** that the Report and Recommendation (Doc. 13) is accepted to the

26

27  _____

28       [4]  The Court has not reached the Government's alternative argument that on the
merits, the Government presented evidence of intent to conceal.

extent specified above, the Objections (Doc. 15) are overruled, the Motion to Vacate, Set Aside or Correct Sentence (Doc. 6) is denied, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court grants in part and denies in part the certificate of appealability.  As to Claims 1-3 and 5, the Court finds that Movant has stated a claim of constitutional magnitude and the Court grants the certificate of appealability as to those Claims.  As to Claim 6, to the extent it is based on ineffective assistance of counsel, the Court finds that Movant has stated a claim of constitutional magnitude and the Court grants the certificate of appealability as to this Claim.  As to Claim 4, the Court finds Movant has failed to state a claim of constitutional magnitude and denies a certificate of appealability as to Claim 4.  As to the insufficiency of the evidence theory of Claim 6 and all of Claim 7, the Court finds these Claims are precluded by a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable; thus a certificate of appealability is denied as to these Claims.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

DATED this 26th day of April, 2011.

James A. Teilborg
United States District Judge

- 9 -